**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| Anthony Davis and Jeanette Davis, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NNDYM KB, INC. (D/B/A Hampton Inn by Hilton Bourbonnais/Kankakee), Samir Chaudhari, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiffs Anthony Davis and Jeanette Davis, through their attorney Hale & Monico, LLC, complains of Defendant NNDYM KB, INC. (D/B/A Hampton Inn by Hilton Bourbonnais/Kankakee) and states the following:

**Parties**

**1.** Anthony Davis and Jeanette Davis are residents of the City of Kankakee, Illinois. Both Plaintiffs are African-American.

**2.** Defendant NNDYM KB, Inc. (D/B/A Hampton Inn by Hilton Bourbonnais/Kankakee) ("Hampton Inn") is a corporation organized under the laws of Illinois. Hampton Inn is located at 64 Ken Hayes Drive, Bourbonnais, Illinois. Defendant Hampton Inn has a primary business of renting lodging to individuals.

**3.** During the relevant time, Defendant Samir Chaudhari was the president and owner of Defendant Hampton Inn and acted within the scope of his employment in that capacity.

## Jurisdiction

4. This action arises under the laws of the United States, specifically 42 U.S.C. § 1981 and 42 U.S.C. § 2000a.

5. Venue is proper in the United States District Court for the Central District of Illinois, Urbana division under 28 U.S.C. § 1391(b)(2) as the events complained of occurred within this district.

## Facts

6. On October 16, 2019, Plaintiffs resided in the City of Kankakee, Illinois and had lived there for approximately 15 years.

7. On that date, Plaintiffs arraigned to have their work performed on their home.

8. Around 8:30 PM, Plaintiffs travelled to Defendant Hampton Inn for the purpose of renting a hotel room for the evening while the work was being performed on their home.

9. Plaintiffs went to the front desk and spoke to a Defendant Hampton Inn employee about renting a single room with a King bed for the evening.

10. The Defendant Hampton Inn employee informed Plaintiffs that such a room would cost $174 for the evening.

11. The $174 cost told to Plaintiffs far exceeds the $104 nightly cost for an identical room on Defendant Hampton Inn's website. In other words, Plaintiffs were asked to pay an amount nearly double the advertised cost for the room.

12. Plaintiffs informed the Defendant Hampton Inn employee that they had a valid discount. This discount is one of the accepted discounts per Defendant Hampton Inn's website.

13.  Plaintiff Jeanette Davis provided her driver's license to the Defendant Hampton Inn employee, which clearly showed Plaintiff's address as Kankakee, Illinois.

14.  The Defendant Hampton Inn employee reluctantly applied the accepted discount and informed Plaintiffs that the cost for a single room with a King size bed was $164 for the evening.

15.  The $164 reduced nightly cost told to Plaintiffs far exceeds the $93 nightly cost for an identical room on Defendant Hampton Inn's website. In other words, Plaintiffs were still being asked to pay nearly double the advertised cost for the room.

16.  There were no conventions or other events that necessitated the increased cost for the room.

17.  Upon information and belief, Plaintiffs were being forced to pay nearly double the advertised amount for the room by Defendant Hampton Inn due to their race in an attempt to dissuade Plaintiffs from renting the room.

18.  Plaintiff Jeanette Davis agreed to pay the unreasonably increased rate of $164 for the room.

19.  Defendant Hampton Inn's employee then demanded Plaintiffs provide a credit card in a demeaning manner.

20.  Notwithstanding the demeanor of the employee, Plaintiff Jeanette Davis provided her VISA card.

21.  Plaintiff Anthony Davis also provided his driver's license to the Defendant Hampton Inn employee, which clearly showed Plaintiff's address as Kankakee, Illinois.

22.  After Plaintiffs agreed to pay the unreasonable rate and Plaintiffs provided a valid credit card, Defendant Hampton Inn's employee then refused to rent the room to Plaintiffs.

**23.** Defendant Hampton Inn's employee stated that the room would not be rented to Plaintiffs due to the fact that Plaintiffs are Kankakee residents.

**24.** Defendant Hampton Inn's employee then further stated that a Kankakee guest had pulled a firearm on an out-of-town guest in the past.

**25.** This alleged prior Kankakee guest was not, in any way, connected to Plaintiffs.

**26.** Plaintiffs then requested to speak to a manager about the policy and to appeal to the manager for a room for the evening.

**27.** Defendant Hampton Inn's employee refused to contact a manager for Plaintiffs to speak with.

**28.** Plaintiffs then left Defendant Hampton Inn.

**29.** Plaintiffs went to a Holiday Inn Express, located approximately 160 feet away from Defendant Hampton Inn.

**30.** Plaintiffs spoke to a front desk employee of the Holiday Inn Express. This employee had no problems renting a room to Plaintiffs and offered a room for $99 dollars. Plaintiffs agreed.

**31.** Plaintiffs then spoke with a manager of the Holiday Inn Express and informed her that Defendant Hampton Inn had refused to offer Plaintiffs a room due to them being Kankakee residents and of the hotel policy. This Holiday Inn Express manager stated that there was no such policy that she was aware of.

**32.** Upon information and belief, Defendant Hampton Inn did not refuse to rent a room to Plaintiffs simply because Plaintiffs reside in Kankakee, Illinois. On the contrary, Defendant Hampton Inn refused to rent Plaintiffs a hotel room because Plaintiffs are African-American. The conduct of Defendant Hampton Inn's employee is charging a larger sum than was advertised.

33. The following Monday, Plaintiff Anthony Davis contacted several media outlets about the refusal of Defendant Hampton Inn to provide Plaintiffs a room.

34. On Tuesday, Plaintiffs were contacted by a representative from the Hilton Corporation. This representative apologized to Plaintiffs and informed them that Defendant Hampton Inn was a privately-owned hotel and that the conduct of Defendant Hampton Inn did not reflect the policies of the Hilton Corporation.

35. That same week, Samir Chaudhari – the president and owner of Defendant Hampton Inn – contacted Plaintiffs. Chaudhari denied any racial discrimination and asked Plaintiffs to not speak to the media. Chaudhari subsequently offered Plaintiffs $1,000 and a steak dinner to drop the issue and not speak to the media.

36. Plaintiffs refused Chaudhari's offer.

37. Several media outlets reported on the incident.

38. Upon information and belief, Chaudhari spoke to members of the media and stated "That policy [refusing to rent to local residents] has been rescinded more than a week ago prior to the couple filing a complaint."

39. Chaudahri then stated that "The couple [Plaintiffs] is basically using this as a way to extort money from us."

40. Chaudahri's statements were false. The only thing Plaintiffs have requested from Defendant Hampton Inn were a hotel room to spend the night (which was refused) and an apology when Defendant Hampton Inn refused to rent Plaintiffs a room due to the fact that they are African-American (which was refused).

## Claims

### Count I – Racial Discrimination
### 42 U.S.C. § 1981

**41.** Plaintiffs incorporate all paragraphs of this complaint.

**42.** Plaintiffs, as African-Americans, are a racial minority.

**43.** Defendant Hampton Inn, by refusing to rent a room to Plaintiffs, deprived Plaintiffs of services due to Plaintiffs' race.

**44.** This conduct was shown through the demeaning statements and hostile nature of Defendant Hampton Inn's employee during their interaction with Plaintiff and the requested excessive nightly fee.

**45.** Upon information and belief, Caucasian individuals who live in the local area have been permitted to stay at Defendant Hampton Inn in the past without being refused a hotel room.

**46.** By refusing to rent a hotel room to Plaintiffs due to their race, Defendant Hampton Inn racially discriminated against Plaintiffs in violation of 42 U.S.C. § 1981.

**47.** As a result of the violation by Defendant Hampton Inn, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs Anthony Davis and Jeanette Davis pray for judgment against Defendant Hampton Inn and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other such relief the Court deems just.

### Count II – Racial Discrimination
### 42 U.S.C. § 2000a

**48.** Plaintiffs incorporate all paragraphs of this complaint.

**49.** Plaintiffs, as African-Americans, are a racial minority.

**50.** Defendant Hampton Inn provides lodgings to individuals by renting hotel rooms.

**51.** 42 U.S.C. § 200(a) prohibits a private entity from denying lodging to any individual on the basis of race, color, religion, or national origin.

**52.** Defendant Hampton Inn denied lodging to Plaintiffs when Defendant Hampton Inn refused to rent a hotel room to Plaintiffs. Upon information and belief, based upon the totality of the circumstances, Defendant Hampton Inn's decision to refuse Plaintiffs a hotel room was based on the fact that Plaintiffs are African-American.

**53.** By racial discriminating Plaintiffs and refusing to rent them a hotel room, Defendant Hampton Inn violated 42 U.S.C. § 2000a.

**54.** As a result of this violation by Defendant Hampton Inn, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs Anthony Davis and Jeanette Davis pray for judgment against Defendant Hampton Inn and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other such relief the Court deems just.

## Count III – Defamation
## Illinois State Law

**55.** Plaintiffs incorporate all paragraphs of this complaint.

**56.** In a statement to the media, Samir Chaudhari – the president and owner of Defendant Hampton Inn – denied that the policy by which Plaintiffs had been refused a hotel room was in effect at the time Plaintiffs were denied a hotel room.

**57.** Samir Chaudhari then stated that "The couple [Plaintiffs] is basically using this as a way to extort money from us."

**58.** Chaudhari's statement to the media was false. Plaintiffs had been denied a hotel room on the basis of this policy despite Chaudhari's statement that the policy was not in

effect. Moreover, Plaintiffs had not requested anything from Chaudhari other than an apology for the refusal of Defendant Hampton Inn to rent them a hotel room.

59. Further, Chaudhari's statement to the media accused Plaintiffs of committing extortion, which is a felony offense under the laws of the State of Illinois.

60. Chaudhari's false statements were made with malice.

61. At the time Chaudhari made the statements, he was acting within the scope of his role as President of Defendant Hampton Inn. As such, Defendant Hampton Inn is liable for Chaudhari's defamatory statements under the theory of *Respondeat Superior*.

62. As a result of the false statements made by Chaudhari to the media, Plaintiffs were harmed.

WHEREFORE, Plaintiffs Anthony Davis and Jeanette Davis pray for judgment against Defendant Hampton Inn and for an award of compensatory damages, punitive damages, costs, and any other such relief the Court deems just.

### JURY DEMAND

Plaintiffs Anthony Davis and Jeanette Davis demand a trial by jury.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Attorney No. 6312312

HALE & MONICO, LLC
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 341-9646
Halemonico.com